IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

TIMOTHY ATCHISON,

          Plaintiff,

v.                                  CIVIL ACTION NO. 3:11-0039

NOVARTIS PHARMACEUTICALS
CORPORATION,

          Defendant.

**MEMORANDUM OPINION & ORDER**

Pending are Defendant Novartis Pharmaceutical Corporation's Motion for Partial Summary Judgment (ECF No. 39) and Motion for Partial Judgment on the Pleadings (ECF No. 41). Consistent with this Court's ruling at a February 13, 2012 Motion Hearing, and for the reasons set forth in this Memorandum Opinion and Order, the Motion for Partial Summary Judgment is **GRANTED in part** and **DENIED as moot in part**. The Motion for Partial Judgment on the Pleadings is **GRANTED**.

**A. Background**

Plaintiff Timothy Atchison was employed by Defendant Novartis Pharmaceutical Corporation ("Novartis") as a senior district manager of sales representatives from May 23, 2008, until September 24, 2010. Complaint, ECF No. 1, at 8. In December 2010, he filed this action in the Circuit Court of Kanawha County, West Virginia. Defendant, a New Jersey Corporation, removed the action to this Court on January 14, 2011. ECF No. 1.

Plaintiff brings two claims alleging violation of the West Virginia Wage Payment and Collection Act ("WPCA"), W. Va. Code § 21-5-1 *et seq*. First, Plaintiff alleges that Defendant

violated W. Va. Code § 21-5-3(a), which requires every employer in West Virginia to pay wages at least once in every two weeks ("pay frequency claim"). Plaintiff alleges, and Defendant admits, that Plaintiff was paid only once per month during his employment. Second, Plaintiff alleges that Defendant violated W. Va. Code § 21-5-4, which requires an employer to pay a terminated employee all due wages within 72 hours of separation from employment. Defendant now moves for a partial summary judgment and partial judgment on the pleadings on Plaintiff's pay frequency claim.

### B. Defendant's Motion for Partial Summary Judgment

To obtain summary judgment, the moving party must show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Fed. R. Civ. P.* 56(a). In considering a motion for summary judgment, the Court will not "weigh the evidence and determine the truth of the matter[.]" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Instead, the Court will draw any permissible inference from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986).

At this stage in the proceedings there are few disputes as to the facts, and so the present motions turn on whether there are legally sufficient grounds for Plaintiff's pay frequency claim to continue. The WPCA and its derivative regulations regulate the payment of wages in West Virginia, and provide the applicable penalties for violations of their requirements. WPCA § 25-1-3(a) provides that employers must pay wages at least once every two weeks. The parties agree that Defendant only paid Plaintiff once per month, but disagree on the applicable sanction.

Plaintiff argues that he is entitled to treble damages for this violation of the pay frequency statute, pursuant to WPCA § 21-5-4(e) ("if a[n employer] fails to pay an employee wages as required

under this section, such [employer] . . . shall, in addition to the amount which was unpaid when due, be liable to the employee for three times that unpaid amount as liquidated damages.").

Defendant argues that the applicable sanction is found in § 21-5-6, not § 21-5-4(e). Section 21-5-6 provides in relevant part that when an employer refuses to pay its employees "at the intervals of time *as provided in section three* of this article," an employee may recover "the amount of such claim proven to be due and unpaid, with legal interest thereon until paid." (emphasis added). In contrast, § 21-5-4(e), the treble damages provision, applies by its terms only to violations of § 21-5-4.

The Court agrees with the Defendant. The plain terms of the WPCA indicate that the applicable sanctions for violating § 21-5-3(a) are found in § 21-5-6, not § 21-5-4(e). Section 21-5-6 provides for sanctions if an employer fails to pay wages "as provided in section three of this article," while § 21-5-4(e) specifically provides that treble damages are available for violations "under this section," namely, section four. Section 21-5-4 does not address pay frequency, but instead provides that an employer may pay an employee by check or money order (4(a)), that an employer must pay the full amount due to employees who resign or are terminated (4(b)-4(c)), and that an employer must pay suspended employees in certain circumstances (4(d)).

Nonetheless, Plaintiff argues that § 21-5-4(e) treble damages may also be available for violations of other sections of the WPCA, such as section three. Plaintiff relies on West Virginia Code of State Rules (WVCSR) §§ 42-5-8 and 42-5-3.3, two of the state regulations promulgated under the WPCA. Section 42-5-8 is a pay frequency regulation akin to § 21-5-3, and §42-5-3.3 provides that "any employer violating any provisions of these Rules and Regulations shall be subject to the penalties prescribed by W. Va. Code § 21-5-4, 5, 11, 12, 15, and 17." Plaintiff argues that §

42-5-3.3 means that an employer violating "any" WVCSR provision, like § 42-5-8, may be subject to the treble damages penalty in WPCA § 21-5-4(e).

Under Plaintiff's theory, the regulations permit plaintiffs to seek any penalty appearing in any of the listed WPCA provisions for any violation of the rules and regulations. This would allow a plaintiff bringing a pay frequency claim under the regulatory version of § 21-5-3, § 42-5-8, to seek any of the penalties in any of the provisions listed in §42-5-3.3— for example, the criminal penalties or fines set forth in § 21-5-15. Such a result demonstrates that Plaintiff's interpretation of the regulation cannot be correct. Additionally, Plaintiff's pick-your-own-penalty theory is untenable because the WPCA provisions at issue in this case have clearly-defined remedies. Section 21-5-6 specifies that its remedy applies to violations of section three, while § 21-5-4(e) specifies that it is available for violations "of this section," section four. Rather than read this language out of the statute, the Court will apply it. In *Kessel v. Monongalia Cnty Gen. Hosp. Co.*, 648 S.E.2d 366, 382 (W. Va. 2007), the Supreme Court of Appeals of West Virginia held that where the state legislature had set forth a category of activities that it intended to constitute per se restraints of trade, the principle of *expressio unius est exclusio alterius* applied to prohibit the addition of additional activities to that category through regulation. *Id*. at 384. Similarly, the WPCA creates categories—here, the remedies available for pay frequency violations—that may not be undone by regulation. *Id.* To the extent the regulations imply otherwise, they will not be applied. *Id*. at 382 ("There is no question that when the rules of an agency come into conflict with a statute that the statute must control.").

Further, Plaintiff's interpretation of the regulations renders meaningless the statutory language in § 21-5-4(e) and § 21-5-6, which clearly states the violations to which the penalties in

-4-

those sections apply. Whenever possible, the Court will interpret statutes so as to give meaning to the words therein. *See Cmty Antenna Serv. Inc. v. Charter Commc'ns VI*, 712 S.E.2d 504, 513 (W. Va. 2011) ("Our rules of statutory construction require us to give meaning to all provisions in a statutory scheme, if at all possible.") (citing *Syl Pt. 2, Smith v. State Workmen's Comp. Comm'r*, 219 S.E.2d 361 (1975)). Applying these principles of statutory construction, it is plain that the remedy for a violation of § 21-5-3(a) is found in § 21-5-6, not § 21-5-4(e). Defendant's Motion for Partial Summary Judgment is therefore **GRANTED in part** as to the determination that the applicable remedy for a violation § 21-5-3 is found in § 21-5-6, not § 21-5-4(e).

Having made this determination, the Court notes that the parties contest whether any damages are available to Plaintiff in this action, as all wages due have been paid. A violation of the WPCA pay frequency requirement may be a "technical" violation, for which no damages are available once all due wages are paid. *Holland v. Nat'l Steel Corp.*, 791, F.2d 1132, 1136 n.8 (4th Cir. 1986) ("violation of section 21-5-3 alone does not provide a basis for awarding [the plaintiff] damages."); *see also Cook v. Nu-Tech Hous. Serv. Inc.*, No. 91-159, 1992 U.S. App. LEXIS 1443 (4th Cir. Feb. 5 1992) (unpublished) (requiring a plaintiff alleging violation of § 21-5-3 to show some damages arising from the employer's failure to pay every two weeks). However, § 21-5-6 also provides that an employee may recover not just unpaid wages but the "legal interest thereon until paid." Although the Court's ruling on Defendant's Motion for Partial Judgment on the Pleadings, below, moots the issue in this case, it appears that all violations of the pay frequency statute might not be merely technical, as a plaintiff could conceivably demonstrate that some interest may be due as a result of an employer's delay in payment. However, because Plaintiff has not pleaded all the elements of a claim under § 21-5-6, the applicable remedy for a violation of § 21-5-3(a), as

discussed below, the Court need not decide the issue of whether Plaintiff could show damages under § 21-5-6. This portion of the Motion for Partial Summary Judgment is therefore **DENIED as moot**.

### C. Defendant's Motion for Partial Judgment on the Pleadings

Defendant also moves for Partial Judgment on the Pleadings under Fed. R. Civ. P. 12(c), arguing that Plaintiff has not alleged that Defendant "refuse[d] for a period of five days to settle with and pay" any wages due, as is required for recovery under § 21-5-6.

A motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) is evaluated under the same standard as a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). *Burbach Broadcasting Co. Of Del. v. Elkins Radio Corp.*, 278 F.3d 401, 406 (4th Cir. 2002). Accordingly, the Court assumes the facts alleged in the complaint are true and draws all reasonable factual inferences in the non-moving party's favor. *Id.* "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp.* v. *Twombly*, 550 U.S. 544, 570 (2007)).

Here, § 21-5-6 clearly states that sanctions apply to an employer who shall "refuse" to settle with and pay its employees as required in § 21-5-3. As Plaintiff has not included any information in the pleadings about a demand for payment, or Defendant's failure to respond to such a demand, Defendant is entitled to judgment on the pleadings on this claim. Defendant argues that the requirement that an employer "refuse" to settle with an employee is a substantive limit on the application of any penalty under the section, meant to provide employers with the opportunity to settle any demand for unpaid wages before suit may be brought. Plaintiff, of course, argues that § 21-5-6 is not the applicable damages provision, and therefore no refusal is required.

The Court concludes that "refuse" must carry some meaning. *Cmty Antenna Serv. Inc.*, 712 S.E.2d at 513. At the minimum, it requires that the employer knowingly avoid or reject a claim for due wages, either as to the specific employee or as a matter of general policy, before a claim may be brought. *See Arkansas Stave Co. v. State*, 125 S.W. 1001, 1006 (Ark. 1910) (interpreting similar statute) (an employer "cannot fail or refuse to [comply with wage law] unless a request or demand has been made for the payment of such wages, or unless by its acts and conduct it shows that it will fail or refuse to pay the wages even if a request or demand for same should be made."). Here, Plaintiff has not indicated that he sought due wages and was refused, nor that Defendant demonstrated by some other means that it would avoid payment of due wages if asked. Because Plaintiff has failed to plead the elements of a claim under § 21-5-6, the exclusive remedy for a violation of § 21-5-3(a), he can obtain no relief on this claim, and the Court **GRANTS** Defendant's Motion for Partial Judgment on the Pleadings on Plaintiff's pay frequency claim. As a result of the above determinations, Plaintiff's pay frequency claim is barred in its entirely, and only his second claim, failure to pay full wages within 72 hours of termination of employment, remains.

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

ENTER: March 13, 2012

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE