IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

TIMOTHY ATCHISON,

           Plaintiff,

v.                                                                      CIVIL ACTION NO. 3:11-0039

NOVARTIS PHARMACEUTICALS
CORPORATION,

           Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending is Plaintiff's Motion for Leave to File Amended Complaint (ECF No. 33). For the reasons set forth below, the Court **DENIES** the motion.

**I.**

Plaintiff Timothy Atchison was employed by Defendant Novartis Pharmaceutical Corporation ("Novartis") as a senior district manager of sales representatives from May 23, 2008, until September 24, 2010. Complaint, ECF No. 1, at 8. In December 2010, he filed this action in the Circuit Court of Kanawha County, West Virginia. Defendant, a New Jersey Corporation, removed the action to this Court on January 14, 2011. ECF No. 1.

Plaintiff alleges two violations of the West Virginia Wage Payment and Collection Act ("WPCA"), W. Va. Code § 21-5-1 *et seq*. In a March 13, 2012 Memorandum Opinion and Order, the Court granted judgment on the pleadings for the Defendant on Plaintiff's first claim, violation of W. Va. Code § 21-5-3(a), which requires every employer in West Virginia to pay wages at least once every two weeks. ECF No. 66. Plaintiff's remaining claim alleges that Defendant violated W.

Va. Code § 21-5-4(b), which requires an employer to pay a terminated employee all due wages within 72 hours of separation from employment.

Plaintiff now proposes to amend the Complaint to add three additional plaintiffs, in their individual capacities and as class representatives: Greg Holland, a former employee of Defendant, who claims he was not paid at least once every two weeks; Jason Gruse, a current employee of Defendant, who claims he was not paid at least once every two weeks; and S. Allen Azar, a former employee of Defendant, who resigned his position and claims he was not paid his remaining wages as required by statute. ECF No. 33, Ex. 1. It also appears that Plaintiff wishes to amend the Complaint to assert claims as a class representative, whereas his original Complaint asserted only his individual claims. *Id.*

## II.

Generally, a party may amend a pleading by "leave of court or written consent of the adverse party, and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Additionally, when an amendment is proposed after the date for amendments set in the scheduling order, as in this matter, the moving party must show "good cause" for the amendment. Fed. R. Civ. P. 16(b).[1]

### A.     **Greg Holland and Jason Gruse**

Proposed plaintiffs Greg Holland and Jason Gruse both state pay frequency claims, which this Court has determined to be barred in the present matter. Mem. Op. and Order, Mar. 13, 2012,

---

[1] Plaintiff argues that Fed. R. Civ. P. 16(b)'s "good cause" requirement for amendment does not apply in this matter. Plaintiff reasons that although the deadline for amendment and party joinder in the scheduling order had passed, *see* ECF No. 15, the scheduling order was suspended shortly after the present motion was filed. ECF No. 35. However, the scheduling order was suspended specifically to allow the Court time to consider the motion; such suspension does not render the motion itself timely. This motion was several months late by a scheduling order that was in place when the motion was filed. Therefore, Fed. R. Civ. P. 16(b) applies.

-2-

ECF No. 66.  Where amendment would be futile, a motion to amend may be denied— even if the "good cause" requirement is not imposed.  *Igen Int'l Inc. v. Roche Diagnostics GmbH*, 335 F.3d 303, 311 (4th Cir. 2003) (applying Fed. R. Civ. P. 15(a)) ("Leave to amend a complaint should be freely given, unless the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile."); *see also Steinberg v. Chesterfield Cnty. Planning Comm'n*, 527 F.3d 377, 390 (4th Cir. 2008) (denying amendment as futile where proposed amended complaint would not have survived summary judgment).  In this case, amendment as to Greg Holland and Jason Gruse would be futile, pursuant to this Court's March 13 Order, and will be denied.  ECF No. 66.

**B.     S. Allen Azar**

Proposed plaintiff S. Allen Azar's claim is not a pay frequency claim; but rather a payment after resignation claim; it is not, therefore, barred by futility.  However, the rules of party joinder prohibit his inclusion in this action.

Fed. R. Civ. P. 20 provides that "persons may join in one action as plaintiffs" if they "assert any right to relief . . . arising out of the same transaction, occurrence, or series of transactions or occurrences . . . and any question of law or fact common to all plaintiffs will arise in the action."  Mr. Azar claims he was not paid his full wages "no later than the next regular payday" after resigning, as required by W. Va. Code § 21-5-4(c).  This is a different statutory violation than that alleged by Plaintiff Atchison, who claims he was not paid full wages due within 72 hours of his involuntary termination, as required by a different statutory provision, W. Va. Code § 21-5-4(b).  Although both were employed by Defendant Novartis, there is no readily apparent "question of law or fact" common to both plaintiffs, nor does it appear they will be able to assert any right to relief

arising out of the same transaction or occurrence: the facts at issue concern Defendant's payment to two different individuals under two different circumstances, and the legal claims at issue arise under two different statutory provisions. Therefore, joinder is inappropriate under Fed. R. Civ. P. 20, and it follows that the Complaint may not be amended to add this claim.

Although the proposed Amended Complaint contains other amendments not here discussed, including the designation of Plaintiff Atchison as a class representative, the Court's determination as to the proposed additional plaintiffs bars the majority of the claims in the proposed Amended Complaint. As a result, the Court must **DENY** Plaintiff's Motion for Leave to File Amended Complaint (ECF No. 33). The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

        ENTER:      March 20, 2012

        ROBERT C. CHAMBERS
        UNITED STATES DISTRICT JUDGE